CT System

**Service of Process Transmittal Form**
Boston, Massachusetts

09/20/2004

Via Federal Express (2nd Day)

TO: Chad F Hesse Corp. CsL & Asst. Secretary
Diebold, Incorporated
5995 Mayfair Road
North Canton, OH 44720-1597

Original to: Mark Tucker
Copy to: W.W.Dettinger

Janice Jacobs
September 22, 2004

RE:   **PROCESS SERVED IN MASSACHUSETTS**

FOR   Diebold, Incorporated   Domestic State: Oh

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: Eleanor Kerrigan, et al., Pltf. vs John W. Curran, et al. including Diebold Inc., Deft.

2. DOCUMENT(S) SERVED: Summons, Complaint and Jury Demand

3. COURT: Commonwealth of Massachusetts, Middlesex Superior Court
Case Number 2004-03153-E

4. NATURE OF ACTION: Auto Accident

5. ON WHOM PROCESS WAS SERVED: CT Corporation System, Boston, Massachusetts

6. DATE AND HOUR OF SERVICE: By Process server on 09/20/2004 at 10:30

7. APPEARANCE OR ANSWER DUE: Within 20 Days

8. ATTORNEY(S): Andrew J. Schultz, Esq.
Law Offices of Andrew J. Schultz, PC
50 Mall Road
Ste. 209
Burlington, MA 01803

9. REMARKS: i-Note sent 09/20/2004 to JACOBSJ@DIEBOLD.COM-Note sent 09/20/2004 to HESSEC@DIEBOLD.COM



RECEIVED
SEP 22 2004
**DIEBOLD** LEGAL DEPT

CC: Janice Jacobs
Diebold, Incorporated
5995 Mayfair Road
North Canton, OH 44720-1597

SIGNED   CT Corporation System
PER       Yvette Concepcion
ADDRESS   101 Federal Street
          Boston, MA 02110
          SOP WS 0006822343

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 2004-03153-E

MIDDLESEX ........., ss
[seal]

Eleanor Kerrigan
Sean Kerrigan ............, Plaintiff(s)

John W. Curran
Diebold, Inc.
Crawford & Company, Defendant(s)

## SUMMONS

To the above-named Defendant: Diebold, Inc.

You are hereby summoned and required to serve upon ....Andrew J. Schultz, Esq............
........................................... plaintiff's attorney, whose address is ..50 Mall Road, Suite 209
Burlington, MA 01803........................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street Cambridge, MA 02141 .................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at .... Cambridge, MA........................
the ............8th............... day of ...September........................
................, in the year of our Lord ....2004................

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT DIVISION
MIDDLESEX SUPERIOR COURT
CAMBRIDGE DIVISION

MIDDLESEX, ss

DOCKET NO. 2004-03153-E

ELEANOR J. KERRIGAN
SEAN J. KERRIGAN,
A minor child, by his parent and next best friend
Eleanor J. Kerrigan

          Plaintiffs

v.

JOHN W. CURRAN
DIEBOLD, INC.
CRAWFORD & COMPANY,

          Defendants

## COMPLAINT & JURY DEMAND

### Parties

THE LAW OFFICES OF
DREW J. SCHULTZ, P.C.

50 Mall Road,
Suite 209
Burlington, MA 01803
TEL: 781.229.0440
FAX: 781.229.0483

1361 Elm Street,
Suite 408B
Manchester, NH 03101
TEL: 603.622.4531
FAX: 603.622.4539

390 Main Street,
Suite 543
Worcester, MA 01608
TEL: 508.767.0700
FAX: 508.767.0660

1. The Plaintiff, Eleanor Kerrigan., hereinafter referred to as "Plaintiff Eleanor Kerrigan", is an individual with a principal place of residence of 33 Draper Street, Medford, MA 02155.

2. The Plaintiff, Sean J. Kerrigan, hereinafter referred to as "Plaintiff Sean Kerrigan", is an individual with a principal place of residence of 33 Draper Street, Medford, MA 02155.

3. Plaintiff Sean Kerrigan is a minor due to his disability.

1

4. The Plaintiff Sean Kerrigan's parent and next best friend is Eleanor J. Kerrigan, the mother of Plaintiff Sean Kerrigan who also has a principal place of residence at 33 Draper Street, Medford, MA 02155.

5. The Defendant, John W. Curran, hereinafter referred to as "Defendant Curran", is an individual with a last known address of 15 Reservoir Drive, Queensbury, NY 12804.

6. The Defendant, Diebold, Inc., is a corporation licensed to do business within the Commonwealth of Massachusetts with a resident agent located at 101 Federal Street, Boston, MA 02110.

7. The Defendant, Crawford & Company, is a corporation licensed to do business in the Commonwealth of Massachusetts with an office located at 110 Second Avenue, Needham, MA 02492.

## Count I – Defendant Curran's Negligence

8. On November 14, 2002, Defendant Curran was an operator of a motor vehicle on Salem Street in Medford, Massachusetts.

9. On November 14, 2002, Defendant Curran had a duty to exercise reasonable care in the operation of his motor vehicle on a public way.

10. On November 14, 2002, Defendant Curran breached his duty to operate his motor vehicle in a reasonable manner, striking Plaintiff Eleanor Kerrigan while she was standing in a crosswalk performing her duties as a crossing guard.

11. As a direct and proximate cause of Defendant's Curran's failure to exercise reasonable care, Plaintiff Eleanor Kerrigan sustained severe personal injuries, caused her to incur great medical expenses, caused her to incur extensive lost wages, and caused her to suffer great pain of body and anguish of mind.

THE LAW OFFICES OF
REW J. SCHULTZ, P.C.

50 Mall Road,
Suite 209
lington, MA 01803
EL: 781.229.0440
AX: 781.229.0483

1361 Elm Street,
Suite 408B
ochester, NH 03101
EL: 603.622.4531
AX: 603.622.4539

390 Main Street,
Suite 543
orcester, MA 01608
EL: 508.767.0700
AX: 508.767.0660

## Count II – Defendant Diebold, Inc.'s Negligence

12. The Plaintiff Eleanor Kerrigan reasserts the allegations in Paragraphs 1-11.

13. At the time of the incident referenced in paragraph 9, Defendant Curran was acting in the course and scope of his employment as an employee of Defendant Diebold, Inc.

14. Defendant Diebold, Inc. is liable for the negligence of Defendant Curran via the doctrine of Respondeat Superior.

15. At the time of the accident referenced in paragraph 10, Defendant Curran was operating a company vehicle that was under the control of Defendant Diebold.

16. On November 14, 2002, Defendant Diebold, Inc. had a duty to entrust its vehicles with safe drivers and negligently breached its duty by entrusting its vehicle to Defendant Curran.

17. Defendant Diebold, Inc. had a duty to use reasonable care in hiring its employees who operate company vehicles and negligently breached its duty by hiring Defendant Curran.

18. Defendant Diebold, Inc. had a duty to use reasonable care in retaining its employees who operate company vehicles and negligently breached its duty by retaining Defendant Curran.

19. As a direct and proximate cause of Defendant's Diebold, Inc.'s negligence, Plaintiff Eleanor Kerrigan was stricken by Defendant Diebold, Inc.'s vehicle which severely injured her.

20. As a direct and proximate cause of Defendant's Diebold, Inc.'s failure to exercise reasonable care, Plaintiff Eleanor Kerrigan was caused to incur great medical expenses, caused her to incur extensive lost wages, and caused her to suffer great pain of body and anguish of mind.

## Count III – Plaintiff Sean Kerrigan's Loss of Consortium

LAW OFFICES OF
REW J. SCHULTZ, P.C.

50 Mall Road,
Suite 209
lington, MA 01803
TL.: 781.229.0440
AX: 781.229.0483

1361 Elm Street,
Suite 408B
nchester, NH 03101
BL: 603.622.4531
AX: 603.622.4539

390 Main Street,
Suite 543
rcester, MA 01608
EL.: 508.767.0700
AX: 508.767.0660

3

21. The Plaintiff Sean Kerrigan reasserts the allegations in Paragraphs 1-20.

22. Plaintiff Sean Kerrigan suffers from cerebral palsy and is mentally retarded.

23. As a result of his disability, Plaintiff Sean Kerrigan is a minor, dependant upon his mother for her services, society, companionship, and care.

24. As a direct and proximate cause of Defendant Curran and Defendant Diebold Inc.'s negligence and the injuries sustained by Plaintiff Eleanor Kerrigan as referenced in Paragraphs 1-20, Plaintiff Sean Kerrigan suffered a loss of his mother's services, society, companionship, and care.

## Count IV – Defendant Diebold, Inc.'s and Defendant Crawford & Company's Violation of Massachusetts General Laws Chapter 93a and Chapter 176d

25. The Plaintiffs Sean Kerrigan and Eleanor Kerrigan reassert the allegations in Paragraphs 1-24.

26. Defendant Crawford & Company is the agent for Defendant Diebold, Inc. in this matter.

27. Promptly following the incident referenced in Paragraph 10, Plaintiff's reported claims against Defendant Curran and Defendant Diebold, Inc. to Defendant Crawford & Company.

28. Defendant Diebold, Inc. is self insured with respect to all settlement offers made to date in this action.

29. Defendant Crawford & Company and Defendant Diebold, Inc. are acting as insurers licensed to do business in the Commonwealth of Massachusetts.

30. Defendants Crawford & Company and Diebold, Inc. pursuant to Massachusetts General Laws, Chapter 176d, Section 3 (9), are required to effectuate prompt, fair, and equitable settlements of claims in which liability become reasonably clear.

31. A detailed settlement brochure and demand was forwarded by the Plaintiff's to Crawford & Company on January 14, 2004 and no reply was provided for many months.

THE LAW OFFICES OF
REW J. SCHULTZ, P.C.

50 Mall Road,
Suite 209
rlington, MA 01803
EL: 781.229.0440
AX: 781.229.0483

1361 Elm Street,
Suite 408B
nchester, NH 03101
EL: 603.622.4531
AX: 603.622.4539

390 Main Street,
Suite 543
orcester, MA 01608
EL: 508.767.0700
AX: 508.767.0660

32. A further settlement demand letter was sent to Defendant Crawford & Company on April 21, 2004 referencing MGL Chapter 176d and Defendant Crawford & Company and Defendant Diebold failed to make a reasonable settlement offer.

33. The parties attempted to mediate this matter on June 15, 2004 and Defendants Crawford & Company and Diebold, Inc. acknowledged liability is not at issue but failed to make a reasonable settlement offer.

34. Additional and subsequent demand letters requesting a reasonable settlement offer were forwarded to Defendant Crawford & Company and Defendant Diebold, Inc. on June 17, 2004.

35. Defendant Crawford & Company and Defendant Diebold, Inc., have failed to make a reasonable settlement offer eventhough liability has been admitted, which is a clear violation of Massachusetts General Laws, Chapter 176d, Section 3 (9) and their actions have caused Plaintiff Eleanor Kerrigan and Plaintiff Sean Kerrigan to incur other financial hardships.

WHEREFORE, Plaintiff Sean Kerrigan and Plaintiff Eleanor Kerrigan, demand judgment against Defendant Diebold, Inc. and Defendant Curran jointly and severally for their damages together with interest, costs, attorney fees, and all other relief this court deems proper.

WHEREFORE, Plaintiff's Sean and Eleanor Kerrigan, demand judgment against Defendant Crawford & Company and Defendant Diebold, Inc. as follows:

I. For compensation for injuries caused by Defendant Curran and Defendant Diebold as described above.
II. For treble damages as provided by Massachusetts General Laws, Chapter 93a, Section 9 (3) and Massachusetts General Laws, Chapter 176d, Section 3 (9);
III. For attorney fees, costs and interest.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
By Plaintiff's Attorney,

Andrew J. Schultz, Esq.
BBO #650536
Law Offices of Andrew J. Schultz, P.C.
50 Mall Road, Suite 209
Burlington, MA 01803
(781) 229-0440
August 10, 2004

# CIVIL ACTION COVER SHEET

Sup'r Court Dep't
County: Middlesex

**PLAINTIFF(S)**
Eleanor J. Kerrigan, Sean J. Kerrigan

**DEFENDANT(S)**
John W. Curran, Diebold, Inc., Crawford & Company

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Andrew J. Schultz, Esq.
50 Mall Road, #209, Burlington, MA
781-229-0440
Board of Bar Overseers number: 650536

**ATTORNEY (If known)**
Edward D. Shoulkin, Esq., Taylor, Duane,
Barton & Gilmon, LLP, 111 Devonshire St.
Boston, MA 02109

**Origin code and track designation**

Place an x in one box only:
- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| 803 | Negligence, Personal Injury Motor vehicle | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date: .................................. $ 39,583.67
1. Total hospital expenses .................................................. $ 6,129.00
2. Total Doctor expenses ................................................... $ 0.00
3. Total chiropractic expenses ............................................. $ 20,643.00
4. Total physical therapy expenses ......................................... $ 1,559.50
5. Total other expenses (describe) ..ambulence............................. Subtotal $ 67,915.17
                                                                          $ 13,358.10
Documented lost wages and compensation to date ........................... $ 200.00
Documented property damages to date ...................................... $ 25,000.00
Reasonably anticipated future medical and hospital expenses .............. $ 38,169.00
Reasonably anticipated lost wages ........................................
Other documented items of damages (describe)                              $ 00,000.00
    Loss of consortum
Brief description of plaintiff's injury, including nature and extent of injury (describe)
    Pain and suffering from multiple fractures with resulting
    permanency for remainder of life.                                     $ 750,000.00
                                                                  TOTAL $ 994,639.27

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 8/10/04

Signature of Attorney of Record

STATEMENT OF DAMAGES [DATE FILED]
ST. 1996, c.358, s.5

PLAINTIFF(S)
ELEANOR J. KERRIGAN & SEAN J. KERRIGAN

DEFENDANT(S) JOHN W. CURRAN, DIEBOLD INC., CRAWFORD & COMPANY

COUNTY: MIDDLESEX
SUPERIOR COURT: CAMBRIDGE
DISTRICT COURT:

INSTRUCTIONS: TO BE FILED WITH THE COMPLAINT IN ALL CIVIL ACTIONS SEEKING MONETARY DAMAGES COMMENCED IN DISTRICT AND SUPERIOR COURTS IN MIDDLESEX AND NORFOLK COUNTIES.

Based on the facts set forth above (and attached) Plaintiff avers as follows:

___ Damages are not likely to exceed $25,000    X Damages are not likely to be less than or equal to $25,000.

The following is a full, itemized and detailed statement of the facts on which the plaintiff relies to determine money damages: (Attach additional sheets as necessary.)

### TORT CLAIMS

| | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | $ 39,583.67 |
|    a. Total hospital expenses | $ 6,129.00 |
|    b. Total doctor expenses | $ 0.00 |
|    c. Total chiropractic expenses | $ 20,643.00 |
|    d. Total physical therapy expenses | $ 1,559.50 |
|    e. Total other expenses (Describe): ambulance charges | |
| SUBTOTAL: | $ 67,915.17 |
| B. Documented lost wages to date: | $ 13,358.10 |
| C. Documented property damage to date: | $ 200.00 |
| D. Other documented items of damage (Describe) loss of consortium | $ 100,000.00 |
| E. Reasonably anticipated future medical and hospital expenses | $ 25,000.00 |
| F. Reasonably anticipated lost wages | $ 38,166.00 |
| G. Extent of injury (check all that apply): total disability ___ partial disability ___% X permanent injury temporary injury — 4 months (Describe): Plaintiff sustained seven fractures with severe permanency. | $ 750,000.00 |
| TOTAL: | $ 994,639.27 |

### CONTRACT CLAIMS

| | AMOUNT |
|---|---|
| | $ |
| | $ |
| | $ |
| TOTAL: | $ |

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature
Date: 8/10/04
Print or Type Name: Andrew J. Schultz, Esq
50 Mall Road, Suite 209, Burlington, MA 01803

DEFENDANTS NAME AND ADDRESS:
1. John Curran, 15 Reservoir Dr. Queensbury, NY 12804
2. Diebold, Inc., CT Corp Systems, 101 Federal Street, Boston, MA 02110
3. Crawford & Company., PO Box 929128, Needham, MA 02492

**Commonwealth of Massachusetts**
**The Trial Court**
**Superior Court Department**

**Cambridge Division**

**Docket No.**

## UNIFORM COUNSEL CERTIFICATION FORM

Case Caption: Eleanor Kerrigan and Sean Kerrigan v. John W. Curran, Diebold, Inc. and Crawford & Company

I am attorney-of-record for: Eleanor Kerrigan and Sean Kerrigan
plaintiffs in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part:

> "...Attorneys shall provide their clients with this information about court-connect dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent.",

I hereby certify that I have complied with this requirement.

Andrew J. Schultz, Esq.
BBO #650536
Law Offices of Andrew J. Schultz, P.C.
50 Mall Road
Suite 209
Burlington, MA 01803
781-229-0440

Dated: August 10, 2004

INSTRUCTIONS:

Plaintiff's/Petitioner's counsel shall file this document at the time his/her initial pleading is filed. All other counsel shall file it within thirty (30) days of his/her initial entry into the case whether by answer, motion, appearance slip or other pleading.

CCF (3/00)

The Superior Court

CIVIL DOCKET # MICV2004-03153-E

RE: Kerrigan et al v Curran et al

TO: Andrew J. Schultz, Esquire
Law Offices Of Andrew J. Schultz,
50 Mall Road, Suite 209
Burlington, MA 01803

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 11/09/2004 |
| Response to the complaint filed (also see MRCP 12) | 01/08/2005 |
| All motions under MRCP 12, 19, and 20 filed | 01/08/2005 |
| All motions under MRCP 15 filed | 01/08/2005 |
| All discovery requests and depositions completed | 06/07/2005 |
| All motions under MRCP 56 served and heard | 07/07/2005 |
| Final pre-trial conference held and/or firm trial date set | 08/06/2005 |
| Case disposed | 10/05/2005 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session "E" sitting in **Rm 7B (Cambridge)** Middlesex Superior Court.

Dated: 08/12/2004

Edward J. Sullivan
Clerk of the Court

BY: Arthur B. Sutherland
Assistant Clerk

Location: Rm 7B (Cambridge)
Telephone: 617-494-4010 EXT 4254

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tclc