UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELEANOR J. KERRIGAN and )<br>SEAN J. KERRIGAN, )<br>a minor child, by his parent and next best )<br>friend, Eleanor J. Kerrigan )<br>    )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>JOHN W. CURRAN, )<br>DIEBOLD, INC. and CRAWFORD )<br>& COMPANY )<br>    )<br>    Defendants. ) | C.A. No.: 04CV12133 RCL |

## ANSWER OF THE DEFENDANT, JOHN W. CURRAN, TO THE PLAINTIFFS' COMPLAINT

The defendant, JOHN W. CURRAN, (hereinafter referred to as "Defendant"), by and through his attorneys, Taylor, Duane, Barton & Gilman, LLP respectfully responds to each and every corresponding paragraph of the plaintiffs' Complaint as follows:

### Parties

1. The defendant admits the allegations contained in this paragraph of the plaintiffs' Complaint.

2. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph of the plaintiffs' Complaint and, therefore, denies the same.

3. The defendant denies the allegations contained in this paragraph of the plaintiffs' Complaint.

4. The defendant admits so much of this paragraph as concerns the address of Eleanor Kerrigan, but is without knowledge and information sufficient to determine the truth of the remaining allegations contained in this paragraph of the plaintiffs' Complaint and, therefore, denies the same.

5. The defendant denies the allegations contained in this paragraph of the plaintiffs' Complaint.

6. The defendant admits the allegations contained in this paragraph of the plaintiffs' Complaint.

7. The allegations contained in this paragraph of the plaintiffs' Complaint do not pertain to this defendant and, therefore, no response is required.

## Count I – Defendant Curran's Negligence

8. The defendant admits the allegations contained in this paragraph of the plaintiffs' Complaint.

9. The defendant admits the allegations contained in this paragraph of the plaintiffs' Complaint.

10. The defendant admits that he was involved in an accident with Eleanor Kerrigan on November 14, 2002 while operating a motor vehicle, and further admits that the plaintiff was standing in or near the vicinity of a crosswalk while apparently working as a crossing guard. The defendant denies the remaining allegations contained in this paragraph of the plaintiffs' Complaint.

11. The defendant denies the allegations contained in this paragraph of the plaintiffs' Complaint.

## Count II – Defendant Diebold, Inc.'s Negligence

12-20. The allegations contained in Count II, paragraphs 12 through 20, of the plaintiffs' Complaint do not pertain to this defendant and, therefore, no response is required. To the extent that any of these paragraphs may be construed as setting forth any allegations against this defendant, they are specifically denied.

## Count III – Plaintiff Sean Kerrigan's Loss of Consortium

21. The defendant incorporates by reference his responses to paragraphs one through twenty of the plaintiffs' Complaint as though expressly set forth herein.

22. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph of the plaintiffs' Complaint and, therefore, denies the same.

23. The defendant denies the allegations contained in this paragraph of the plaintiffs' Complaint.

24. The defendant denies the allegations contained in this paragraph of the plaintiffs' Complaint.

## Count IV – Defendant Diebold, Inc.'s and Defendant Crawford & Company's Violation of Massachusetts General Laws Chapter 93a and Chapter 176d

25. The allegations contained in Count IV, paragraphs 25 through 35, of the plaintiffs' Complaint do not pertain to this defendant and, therefore, no response is required. To the extent that any of these paragraphs may be construed as setting forth any allegations against this defendant, they are specifically denied.

## AFFIRMATIVE DEFENSES

The defendant, having denied each and every allegation contained in the plaintiffs' Complaint not expressly admitted above, states as affirmative defenses the following:

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiffs' Complaint and each respective count thereof fails to state a claim upon which relief may be granted, including without limitation, Counts II, III and IV.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the negligence of the plaintiff was greater than the alleged negligence of the defendant, and that such negligence of the plaintiff contributed to the plaintiff's alleged damages and, therefore, she is barred from recovery under G.L. c. 231, §85.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff was guilty of comparative negligence, and that the damages, if any, recovered by the plaintiff from the defendants should be reduced in proportion to the said negligence of the plaintiff in accordance with G.L. c. 231, §85.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiffs cannot recover from the defendant to the extent the plaintiff assumed the risk of the alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that if the plaintiffs suffered damages as alleged, which the defendant expressly denies, then to the extent that said damages were caused by the acts of a third person(s) over whom the defendant had no control, the defendant is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that to the extent that the plaintiff was guilty of a violation of law which contributed to the alleged accident, then the plaintiffs would be precluded from recovering.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiffs cannot recover from the defendant to the extent the alleged damages were caused by an intervening, superseding cause.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiffs cannot recover from the defendant to the extent the alleged damages were the result of the plaintiffs' failure to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that to the extent it is exempt from liability pursuant to G.L. c. 231, §6D, the plaintiffs cannot recover from the defendant.

## TENTH AFFIMATIVE DEFENSE

By way of affirmative defense, the defendant states that to the extent it is exempt from liability pursuant to G.L. c.90, §34M and 34O, the plaintiffs cannot recover from the defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiffs have failed to comply with the conditions precedent required for the assertion of a claim under G.L. c. 93A, as a result of which such claims are barred.

## TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiffs are estopped from recovering.

## THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiffs' Complaint should be dismissed for insufficient process and insufficient service of process.

THE DEFENDANT DEMANDS A TRIAL BY JURY.

Dated: October 15, 2004

The Defendant,
JOHN W. CURRAN,
By his attorneys,

_____
Edward D. Shoulkin
B.B.O. No. 555483
Edward Coburn
B.B.O. No. 655916
TAYLOR, DUANE, BARTON & GILMAN, LLP
160 Federal Street, 5th Floor
Boston, MA 02110

### CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, Esq., hereby certify that on October 15, 2004, I served a copy of the above, by overnight mail, postage prepaid to: Andrew J. Schultz, Esq., 50 Mall Road, Suite 209, Burlington, MA 01803, attorney for the plaintiffs, and to Anthony M. Campo, Esq., Boyle, Morrissey & Campo, P.C., 25 Stuart Street, Boston, MA 02116, attorney for co-defendant, Crawford & Company.

_____
Edward D. Shoulkin