UNITED STATES DISCRICT COURT
DISTRICT OF MASSACHUSETTS

ELEANOR J. KERRIGAN and )
SEAN J. KERRIGAN, A minor child by )
his parent and next best friend, )
Eleanor J. Kerrigan )
    Plaintiffs )   C.A. No.:04-cv-12133-RCL
)
v. )
)
JOHN W. CURRAN, DIEBOLD, INC. and )
CRAWFORD & COMPANY )
    Defendants )

**DEFENDANT CRAWFORD & COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER CLAIMS AND STAY DISCOVERY**

In this action the plaintiff is alleging personal injuries arising out of an incident which occurred on or about November 14, 2002 in Medford, Massachusetts. The plaintiff claims that the negligence of the co-defendants, caused or contributed to cause the incident. At the time of the alleged incident Diebold was insured by Zurich. The policy at issue contains a $500,000 deductible. The plaintiff's claim was sent to Crawford & Company, an independent claims management firm, for handling. In the complaint, the plaintiff asserts that Crawford & Company, acting on behalf of Diebold, failed to make a fair settlement offer with respect to the plaintiff's claims against the co-defendants and therefore violated G.L. cc. 176D and 93A.[1]

---

[1] Defendant Crawford & Company asserts that it is not engaged in the "business of insurance" and therefore cannot be held liable to plaintiff under any set of facts. See *Morrison v. Toys R Us, Inc.*, 411 Mass. 451 (2004). Crawford & Company reserves the right to fully address this issue by way of summary judgment if the court denies its motion to sever and stay these proceedings as requested or at any other appropriate time.

Discovery with respect to the 93A and 176D claims is premature where the underlying tort claim has not been resolved. Further, discovery from Crawford & Company will disclose work product of the Defendant's representatives or their attorneys with regard to the tort action and ongoing evaluation of the plaintiff's claims. Such disclosure at this stage of the proceedings would reveal the mental impressions and defense strategies of Crawford & Company and thereby prejudicing Crawford & Company and Diebold.

## ARGUMENT

### The Court should sever the action against Crawford & Company and should stay discovery against Crawford & Company until resolution of the underlying action against the co-defendants.

Massachusetts law does not support the plaintiff's attempt to join a liability claims handling facility and its insured in the same action. On the contrary, such joinder is grounds for severance under Mass. R. Civ. P. 21 and 42(b), Smith and Zobel, <u>Massachusetts Practice Series</u>, section 21.2 (1989); <u>Rogan v. Liberty Mutual Ins. Co.</u>, 305 Mass. 186 (1940).

It has been clearly established that plaintiffs are not entitled to introduce the fact of the defendant's insurance coverage at a tort trial. <u>Shore v. Shore</u>, 385 Mass. 529, 532 (1982). Insurance coverage is irrelevant in the tort action. <u>Shore</u> at 532. The rule behind precluding the introduction of insurance coverage into evidence is based on sound public policy. As the Supreme Judicial Court has noted:

> exposing juries to such information is condemned because it is not itself probative of any relevant proposition and is

2

taken to lead to undeserved verdicts for plaintiffs and exaggerated awards which jurors will readily load on faceless insurance companies supposedly paid for taking the risk.

Shore at 531 (quoting Goldstein v. Gontarz, 364 Mass. 800, 808 (1974)).

Clearly, there is an inherent prejudice in introducing, either directly or inferentially, evidence of the alleged tortfeasor's insurance coverage. To allow Crawford & Company to testify as to the contents of its claim file, which would reveal the defense strategy and evaluation of the plaintiff's claim, results at the very least in the introduction of the fact of such insurance coverage. Although the jurors may well assume that such coverage exists, Shore at 531, evidence of the fact of insurance may not be presented to the court.

Public policy mandates the avoidance of the prejudice inherent in trying G.L. c. 93A unfair settlement practices claims together with tort claims. Allowing discovery of the claims file would compromise Diebold's defense by disclosing to the plaintiff prior to trial, confidential material, work product, and materials prepared in anticipation of litigation. See Roddy & McNulty Insurance Agency, Inc. v. A.A. Proctor & Co., 16 Mass. App. Ct. 525 (1983).

The plaintiff will not be prejudiced by a severance and a stay of discovery in this action since, if the defendants prevail on the underlying tort claims, or the plaintiff recovers less than the amount demanded, the action against Crawford & Company, which is predicated on a claim of failure to make a reasonable

3

settlement offer, becomes moot. Thus, until such time as liability and damages are determined in the tort action, it is impossible to determine the merits of the 176D claim, even assuming Crawford & Company is subject to liability under the statute. (See n.1, supra.)

Indeed, in Gross v. Liberty Mutual Ins. Co. and CNA Ins. Co., Appeals Ct. No. 84-0138 (Kass, J. 1984), Judge Kass examined this identical issue and ordered that discovery against CNA, on a bad faith claim was stayed until the completion of the underlying case against its insured. (Attached hereto as Exhibit A.) In vacating the trial justice's denial of a protective order, Judge Kass noted that:

> [t]he significant fact is that the liability of [t]he insured, and the damages flowing from that liability, have yet to be ascertained. Should there be a verdict in favor of [t]he insured, or should there be a verdict in range of the [insurer's offer] or should there be a settlement within the range of [the insurer's offer], a claim of unfair settlement could scarcely be made out. Without intimating that the plaintiff here may properly have access to CNA's files should the verdict in the underlying suit be far in excess of CNA's best offer, I conclude that, in any event, <u>there ought to be no access to these files until the underlying civil action has been determined</u>. Memorandum and Order at 1-2 (emphasis added).

Similar decisions followed Gross and staying bad faith claims pending the outcome of an underlying tort suit has become routine. In Kai v. Kim-Son, Appeals Court NO.98-J-65 (Spina, J. 1998), the court stated that severing such claims "is routinely allowed, if only to prevent discovery of the insurer's impressions of the case based upon legal theory and privileged communications, and thereby prevent interference with the insured's right to be

4

adequately defended." (Attached hereto as Exhibit B.) Following up after *Gross* Judge Kass crystallized the reasoning for staying bad faith claims: "[To] authorize discovery in an unfair settlement claim before the underlying claim has been established is to get the cases in the wrong order." *Belcher v. Pawtucket Mut. Ins. Co.*, Appeals Court No. 89-J-672 (Kass, J. 1989). (Attached hereto as Exhibit C.)

If the plaintiff prevails in the tort claim against the co-defendants, and assuming G.L. cc. 176D and 93A apply to Crawford & Company (see n.1, *supra.*), plaintiff may then continue to pursue the unfair practices claim against Crawford & Company. Indeed, as the language of *Gross* suggests, until it is determined whether the insured is liable to the plaintiff and the plaintiff's damages are determined, the plaintiff's action against the defendant for unfair settlement practices is not ripe for adjudication.

## CONCLUSION

Therefore, to avoid prejudice, Crawford & Company requests that the claims against it be severed for all purposes and that discovery against it be stayed until final judgment enters in the underlying tort action.

Date: 12/6/04

THE DEFENDANT,
CRAWFORD & COMPANY,
BY ITS ATTORNEYS,

Anthony M. Campo, BBO# 552093
Keith L. Sachs, BBO# 634025
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Floor 11

Boston, MA 0211
(617) 451-2000
FAX: (617) 451-5775

CERTIFICATE OF SERVICE

Pursuant to Fed. L. R. Civ. P. 5.2, I, Keith L. Sachs, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

Andrew J. Schultz, Esq.
Law Offices of Andrew J. Schultz, P.C.
50 Mall Rd., Ste. 209
Burlington, MA 01803

Edward D. Shoulkin, Esq.
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street
5th Floor
Boston, MA 02110

SIGNED UNDER THE PENALTIES OF PERJURY THIS ____ DAY OF _____, 20__.

Keith L. Sachs, BBO# 634025
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Floor 11
Boston, MA 0211
(617) 451-2000
FAX: (617) 451-5775

6