UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELEANOR J. KERRIGAN and )
SEAN J. KERRIGAN, )
a minor child, by his parent and next best )
friend, Eleanor J. Kerrigan )
)
       Plaintiff, )   C.A. No.: 04CV12133 RCL
)
v. )
)
JOHN W. CURRAN, )
DIEBOLD, INC. and CRAWFORD )
& COMPANY )
)
       Defendants. )

RECEIVED
Clerk's Office
USDC, Mass.
Date 1-19-05
By /s/ Clerk

## MOTION OF THE DEFENDANT, DIEBOLD, INC., TO DISMISS COUNT IV OF THE PLAINTIFFS' COMPLAINT, OR IN THE ALTERNATIVE TO SEVER AND STAY COUNT IV OF THE PLAINTIFFS' COMPLAINT

The defendant, Diebold, Inc. ("Diebold"), moves this Court to dismiss Count IV of the plaintiffs' Complaint or, in the alternative, to sever and stay Count IV until the remaining claims against the defendants have been resolved. In support of this motion, Diebold states that:

1. This case arises from an automobile accident involving a pedestrian, Eleanor Kerrigan, and John Curran, the operator of a motor vehicle that struck her. Mr. Curran was employed by Diebold at the time of the accident. Eleanor Kerrigan has asserted claims for negligence, while her son, Sean, has asserted a claim for loss of consortium.

2. In Count IV of their Complaint, the plaintiffs allege that Diebold engaged in unfair claim settlement practices while "acting as an insurer licensed to do

business in the Commonwealth of Massachusetts," thereby violating M.G.L. c. 93A and c. 176D.

3. Contrary to the plaintiffs' assertions, Diebold is not an insurance company and does not engage in the business of insurance in Massachusetts or any other jurisdiction. Rather, at the time of the subject accident Diebold was insured under a Commercial Auto Insurance Policy with Zurich-American Insurance Company that contained a $500,000 deductible retention for accidents involving bodily injury and property damage.

4. M.G.L. c. 176D, including the provisions that prohibit unfair claim settlement practices, applies only to entities engaged in the business of insurance. Diebold is not engaged in the business of insurance. As a matter of law, therefore, c. 176D does not apply to Diebold, and Diebold cannot be held liable under c. 176D or c. 93A for any of the purported violations of the statute advanced by the plaintiffs. See Morrison v. Toys "R" Us, 441 Mass. 451 (2004).

5. Alternatively, even assuming that Diebold could somehow be deemed to be an insurer within the meaning of c. 176D, the plaintiffs' claims for alleged unfair settlement practices nevertheless are premature and not ripe for adjudication. Allowing these premature claims to proceed would not only result in a waste of money and resources for the parties and the Court, but would also cause irreparable harm to the defendants by exposing privileged and otherwise confidential claims materials to discovery.

The grounds for this motion are more fully set forth in the attached Memorandum of Law.

WHEREFORE, the defendant, Diebold, Inc., respectively requests that the Court allow this motion and dismiss Count IV of the plaintiffs' Complaint or, in the alternative, sever and stay these claims, including all discovery relating thereto, pending the resolution of the underlying tort claims against the defendants.

## REQUEST FOR ORAL ARGUMENT
## PURSUANT TO LOCAL RULE 7.1(D)

The defendant respectfully submits that the Court's consideration of this Motion will be assisted by oral argument, and hereby requests such oral argument on February 2, 2005.

The Defendant,
Diebold, Inc.,
By its Attorneys,

_____
Edward D. Shoulkin
BBO # 555483
Edward Coburn
BBO # 655916
TAYLOR, DUANE, BARTON
& GILMAN, LLP
160 Federal Street, 5th Floor
Boston, MA 02110
(617) 654-8200

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that prior to filing this motion, I conferred with counsel for the plaintiffs in a good faith attempt to resolve or narrow the issues raised in this motion.

_____
Edward D. Shoulkin

## CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, hereby certify that a true copy of the above document was served upon counsel of record for each other party by First Class Mail on January 19, 2005.

_____
Edward D. Shoulkin