UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELEANOR J. KERRIGAN and ) <br> SEAN J. KERRIGAN, ) <br> a minor child, by his parent and next best ) <br> friend, Eleanor J. Kerrigan ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN W. CURRAN, ) <br> DIEBOLD, INC. and CRAWFORD ) <br> & COMPANY ) <br> ) <br> Defendants. ) | C.A. No.:04CV12133 RCL |

*[Filed stamp: U.S. DISTRICT COURT DISTRICT OF MASS 2005 JAN 27 P 2:01 FILED IN CLERKS OFFICE]*

### JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Now come the parties in the above captioned cause and hereby respectfully submit pursuant to the Court's Order of December 23, 2004, and Local Rule 16.1(D) their joint proposed pretrial schedule. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held telephonically and was attended by Andrew Schultz, Attorney for Plaintiffs; Edward D. Shoulkin, Attorney for Defendants Diebold, Inc. and John Curran; and Keith Sachs, Attorney for Defendant, Crawford & Company.

1. **Summary of the Parties' Positions:**

   **(i) Plaintiffs Eleanor Kerrigan and Sean Kerrigan:**

   The Plaintiff Eleanor Kerrigan is alleging she was severely injured when struck by Defendant Curran's automobile while performing her duties as a crossing guard in Medford, MA. The Plaintiff is alleging liability is clear on the part of Defendant Curran and his employer Defendant Diebold is vicariously liable for the actions of their

employee and for negligently entrusting its vehicle to Defendant Curran. The Plaintiff is also alleging a violation of *M.G.L. Chapter 176D* by Defendant Crawford and Defendant Diebold for failing to make a reasonable settlement offer on a case in which liability is clear and for general bad faith throughout the claims handling process. Plaintiff Sean Kerrigan, who is a minor by way of his mental retardation, is asserting a loss of consortium claim against the Defendants jointly and severally, as Plaintiff Eleanor Kerrigan is his caretaker.

### (ii) Defendants John Curran and Diebold, Inc.:

Without the benefit of discovery, the defendants recognize that the limited evidence currently available could support a finding that Mr. Curran may be liable for the accident giving rise to this lawsuit. Evidence adduced during discovery and investigation, however, may change or otherwise affect this preliminary assessment, including with regard to the plaintiff's potential contributory and comparative negligence. The defendants, therefore, expressly reserve their right to change this assessment as evidence is adduced during the course of this litigation and to contest all liability for the accident at the time of trial.

The defendants contest the scope and extent of Eleanor Kerrigan's damages as they have been alleged. Ms. Kerrigan's primary injury from the November 14, 2002 accident appears to have been the fractures of the left superior and inferior pubic ramus. She did sustain a few other injuries, including non-displaced fractures of the right fifth and sixth ribs, a "minimally displaced" right frontal sinus fracture, a "small non-displaced transverse fracture of the second metacarpal on the left, a "minimally displaced" left scapula fracture. Ms. Kerrigan was admitted to Massachusetts General Hospital on

November 14, 2002, and was discharged six days later to the Rosewood Rehab Center. She remained at Rosewood until December 11, 2002. On that date, less than one month after the accident, Ms. Kerrigan was discharged home in good condition without any assistance or devices. The discharge summary describes her condition as "good" and her prognosis was similarly noted as "good." With the exception of some physical therapy and a few follow-up office visits with some of her caregivers, she had virtually no further treatment. Based on the limited records previously produced by plaintiffs' counsel, the last visit at which Ms. Kerrigan's pelvic injuries were mentioned took place on March 17, 2003, at which time it was noted by her physician that:

> She is not having any complaints as far as her pelvis goes. She is no longer having any pain and can walk without discomfort in her pelvis. I told her that it may take some more time to continually recover from this, although her x-rays today show that this has healed.

A January 22, 2003 evaluation of the metacarpal fracture by a hand surgeon, Dr. Ring, revealed the following:

> Ms. Kerrigan is recovering from a second metacarpal neck fracture. It was displaced but she has had it treated nonoperatively. She is happy with her current function and pain level....Things appear solidly healed on exam. She has done remarkably well. At this point, I can see her back as needed.

No records concerning this injury post-dating the January 22, 2003 office visit with Dr. Ring have been provided to us.

Ms. Kerrigan's fractures of the right 5th and 6th ribs were non-displaced, and she received little, if any, treatment for them during her Massachusetts General Hospital admission, and no treatment for them whatsoever following her discharge.

Likewise, little or no treatment was rendered for the "minimally displaced fracture of the left scapula" or the "tiny nondisplaced fracture" of the right frontal sinus.

According to available records, the worker's compensation lien shows that Ms. Kerrigan's actual medical expenses amount to $36,969. According to plaintiffs' counsel's prior representations, the indemnity portion of the lien amounts to $12,225.51. Thus, the total amount of the lien is $49,194.51. Based on the foregoing facts and other documents obtained prior to suit, the plaintiff is not currently disabled as a result of the subject accident. Indeed, it appears that any disability resulting from the accident ended at the latest on March 6, 2003.

The plaintiffs' negligent hiring or entrustment claim against Diebold is without merit and ought to be dismissed. Similarly, the plaintiffs' claims against Diebold for alleged unfair claim settlement practices under G.L. c. 176D is both factually and legally deficient. Multiple and substantial good faith settlement offers were extended to the plaintiffs prior to this lawsuit. Those offers were rejected by the plaintiffs, who also withdrew all prior settlement demands. Moreover, Diebold is not an insurance company and, therefore, is not subject to liability under G.L. c. 176D and c. 93A. *Morrison v. Toys R Us, Inc.*, 411 Mass. 451 (2004). A motion to dismiss or in the alternative to sever and stay the 176D/93A claims is pending before the Court. In the event the motion is not allowed, Diebold would object to any discovery that seeks confidential material or information, work product, and materials prepared in anticipation of litigation.

The defendants have no evidence at this time with which to assess the validity of the loss of consortium claim asserted by Sean Kerrigan, let alone the extent of any damages he claims to have suffered as a result of this accident.

### (iii) Defendant Crawford & Company:

With respect to the underlying tort liability and damages, Crawford & Company joins in the statement provided by defendants Diebold and Curran above.

With respect to the G.L. c. 176D/93A claim filed against Crawford & Company, it states that it is not subject to liability under such a theory, as it is not engaged in the business of insurance. See, e.g., *Morrison v. Toys R Us, Inc.*, 411 Mass. 451 (2004). Further, on December 6, 2004, defendant Crawford & Company filed its motion to sever and stay the claims pending against it. No opposition to its motion was filed, but the motion remains pending before the court.

Notwithstanding Crawford & Company's position that it is not subject to liability pursuant to G.L. c. 176D/93A, Crawford & Company states that it, its employees, agents and servants, have at all times acted in good faith with respect to the handling of plaintiffs' claim. Crawford & Company, on behalf of and at the direction of Diebold, has attempted in good faith to effectuate settlement of plaintiff's claim as outlined in Diebold's and Curran's statement above. Even if it is assumed that fault for the accident lies with Mr. Curran, there is absolutely a good faith dispute as regards the extent of damages here. It is well settled under Massachusetts law, that liability for purposes of G. L. c. 176D, §3(9)(f), encompasses both "fault" and "damages." *See Clegg v. Butler*, 424 Mass. 413, 421 (1997).

To the extent that defendant Crawford & Company's motion to sever and stay the proceedings against it remains pending, Crawford & Company, pursuant to Fed. R. Civ. P. 26(a), (f)-(g) objects to the required disclosure of documents and information that would be subject to its concerns raised in its motion to sever and stay (which is

incorporated herein by reference). As argued in the motion, allowing discovery of Crawford's file would, among other things, compromise Diebold's defense by disclosing to the plaintiff prior to trial, confidential material, work product, and materials prepared in anticipation of litigation. *See Roddy & McNulty Insurance Agency, Inc. v. A.A. Proctor & Co.*, 16 Mass. App. Ct. 525 (1983); see also *Kai v. Kim-Son*, Appeals Court NO.98-J-65 (Spina, J. 1998); *Belcher v. Pawtucket Mut. Ins. Co.*, Appeals Court No. 89-J-672 (Kass, J. 1989); *Gross v. Liberty Mutual Ins. Co. and CNA Ins. Co.*, Appeals Ct. No. 84-0138 (Kass, J. 1984). If the Court denies Crawford & Company's motion to sever an stay, Crawford & Company would seek a ruling on the issues presented above prior to producing the required disclosures under Fed. R. Civ. P. 26.

2. **Discovery Plan:** The plaintiffs' and defendants' joint discovery proposal is set forth below:

> Automatic Disclosure: Automatic disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before February 11, 2005.
>
> Written Discovery: Written discovery shall be completed by May 15, 2005. The parties agree to a maximum of 30 interrogatories by each party to any other party. Responses shall be due 45 days (plus 3 days for mailing) after service. The parties further agree to a maximum of 30 requests for admission by each party to any other party. Responses thereto shall be due 30 days (plus 3 days for mailing) after service.
>
> Depositions: Depositions shall be completed by September 30, 2005.
>
> Independent Medical Examinations: Independent Medical Examinations of one or both plaintiffs shall be completed by October 30, 2005.

<u>Expert Disclosures</u>: Reports from experts under Rule 26(a)(2) shall be due as follows::

- from the Plaintiffs by November 15, 2005; and

- from the Defendants by November 30, 2005.

<u>Dispositive Motions</u>: All potentially dispositive motions should be filed no later than December 15, 2005, and Oppositions thereto shall be filed no later than December 30, 2005.

<u>Pretrial Conference</u>:  The parties propose that a Pretrial Conference be scheduled on or after January 15, 2006.

**Defendants**: The defendants believe that discovery will be needed on the following subjects:

    a.    Whether Plaintiff, Sean Kerrigan, has a viable claim for loss of consortium and, if so, the extent of any such damages;

    b.    Whether Plaintiff, Eleanor Kerrigan, is disabled from working;

    c.    The extent and duration of the injuries and impairments claimed by Eleanor Kerrigan as a result of the accident; and

    d.    The nature and circumstances of the accident, including whether the Plaintiff and/or third-parties may have contributed to the cause of the accident.

4. **Other Items.**

- The defendant, Diebold, Inc., seeks a ruling on its Motion to Dismiss Count IV of the Plaintiffs' Complaint or, In the Alternative, to Sever and Stay.

- The defendant, Crawford & Company, seeks a ruling on its motion to sever and stay the proceedings against it filed on December 6, 2004. Further, if the court denies Crawford's motion, it seeks a ruling on the work product issues raised in its motion prior to providing its pre-trial disclosures.

- The defendants request that Eleanor Kerrigan provide by February 11, 2004 executed authorizations to enable the defendants to obtain all medical, employment, wage and income records, as well as any other category of records that may prove relevant to any of the claims of liability and damages. Alternatively, the defendants request a Court Order enabling the defendants to obtain said records from the various record-keepers involved.

- The defendants request that Sean Kerrigan and/or his legal guardian provide by February 11, 2004 executed authorizations to enable the defendants to obtain all medical, employment, wage and income, counseling, academic, vocational and employment records, as well as any other category of records that may prove relevant to any of the claims of liability and damages. Alternatively, the defendants request a Court Order enabling the defendants to obtain said records from the various record-keepers involved.

5.   **Settlement**

The Plaintiffs assert the parties have previously mediated this matter and a $500,000.00 settlement demand was extended by the Plaintiffs and has been withdrawn pending the conclusion of discovery as the Plaintiffs assert the Defendants have not acted in good faith during settlement negotiations.

Diebold maintains that it previously extended good faith settlement offers to the plaintiffs on behalf of itself and Mr. Curran. In response to its last offer, however, the plaintiffs withdrew all settlement demands.

6.  **Use of Magistrate**   .

The parties do not consent to trial by a magistrate judge.

7.  **Certification of Counsel and Parties:**

By signing this Joint Statement Regarding Pretrial Schedule (or any counterpart), each party and the party's respective counsel represent that she, he or its authorized representative have met and conferred with counsel with a view toward establishing a budget for the costs of conducting the full course - and various alternative courses - of litigation; and to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Dated: January 26, 2005

The Plaintiffs,
Eleanor Kerrigan and Sean Kerrigan,
By their attorney,

_____
Andrew J. Schultz
Law Offices of Andrew J. Schultz, P.C.
B.B.O. 650536
50 Mall Road, Suite 209
Burlington, MA 01803
(781) 229-0440

The Defendants,
John Curran and Diebold, Inc.
By their attorney,

_____
John Curran, Defendant

Diebold, Inc., by:

_____
Edward D. Shoulkin

9

| | |
|---|---|
| Its _____ | B.B.O. # 555483<br>Taylor, Duane, Barton & Gilman, LLP<br>160 Federal Street, 5th Floor<br>Boston, MA  02110<br>(617) 654-8200 |
| Crawford & Company, by:<br>Wayne Chatham | The Defendant,<br>Crawford & Company,<br>By its attorney, |
| Its _____ | _____<br>Keith Sachs<br>B.B.O. # 634025<br>Boyle, Morrissey & Campo, P.C.<br>695 Atlantic Ave., 11th Floor<br>Boston, MA  02110<br>(617) 451-2000 |